LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EBONY ARMSTEAD,
*on behalf of herself,*
*FLSA Collective Plaintiffs*
*and the Class,*

      Plaintiff,

      v.

STARBUCKS CORPORATION,

      Defendant.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, EBONY ARMSTEAD ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, STARBUCKS CORPORATION ("Defendant"), and states as follows:

### **INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she, and others similarly situated, are entitled to recover from

1

Defendant: (1) unpaid wages and overtime premium resulting from time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages and overtime premium resulting from time-shaving, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, EBONY ARMSTEAD, is a resident of New York County, New York.

6. Defendant STARBUCKS CORPORATION is a foreign business corporation organized under the laws of Washington, with a principal executive office located at 2401 Utah Avenue South, Seattle, WA 98134, and an address for service of process located at C/O Corporation Service Company, 80 State Street, Albany, NY 12207.

7. STARBUCKS CORPORATION owns and operates approximately 12,000 coffee shops under the trade name "Starbucks" within the United States. There are 317 of Defendant's Starbucks coffee shops in New York City

8. The Starbucks coffee shops operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose.

a. The Starbucks coffee shops are commonly owned and operated by the Defendant.

b. Employees are freely interchangeable among the Starbucks coffee shops. In fact, Plaintiff herself worked at four separate Starbucks locations: 378 6th Avenue, New York, NY 10011 ("Starbucks at 6th and Waverly"), 177 8th Avenue, New York, NY 10011 ("Starbucks at 19th and 8th") ,124 8th Avenue, New York, NY 10011 ("Starbucks at 16th and 8th"), and 300 West 23rd Street, New York, NY 10011 ("Starbucks at 23rd and 8th").

c. All employees are paid by the same payroll methods, and checks are paid by the same corporate entity.

d. The Starbucks coffee shops are advertised jointly as a common enterprise on Defendants' website, www.starbucks.com

e. The Starbucks coffee shops share a common logo and share the same menu, posted on the Menu Section of the website.

f. They are also advertised jointly on

   (i) the Starbucks Facebook page (https://www.facebook.com/starbucks/);

   (ii) the Starbucks Twitter account (https://twitter.com/starbucks); and

   (iii) the Starbucks Instagram Account

   (https://www.instagram.com/starbucks/).

g. Customers can use the website to contact Starbucks regarding any of its coffee shops.

h. Gift cards can also be purchased online and can be used at any Starbucks location, as well as online.

9. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including baristas, shift supervisors, shift managers, and assistant store managers, employed by Defendant at each of the Starbucks retail coffee shops in New York City, on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages and overtime due a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including baristas, shift supervisors, shift managers, and assistant store managers employed by Defendant at each of the Starbucks retail coffee shops in New York City on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants.  Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendant and other employers throughout New York State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay the Class members for their work;

    d) Whether Defendant caused time shaving by requiring employees to clock out and keep working;

    e) Whether Defendant paid employees proper overtime premiums for all hours worked over forty (40).

  f) Whether Defendant provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law; and

  g) Whether Defendant provided proper wage and hour notices to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and thereafter pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

22. In or about May 2015, Plaintiff, EBONY ARMSTEAD, was hired by Defendant to work as a barista for Starbucks at 6th and Waverly.

23. Throughout Plaintiff's employment by Defendant, Plaintiff and other employees who worked at Starbucks at 6th and Waverly were frequently required by Defendant to work shifts at Starbucks at 16th and 8th, Starbucks at 19th and 8th, and Starbucks at 23rd and 8th, as well as other Starbucks locations in New York City, on an as-needed basis

24. During her employment by Defendant, Plaintiff was required to work five (5) days per week, from approximately 4:00 PM until 2:00 AM three days per week, and from approximately 4:00 PM until 12:30 AM two days per week for a total of approximately 44.5 hours per week. Each work day, Plaintiff was given a half-hour long dinner break between 9:00 PM and 9:30 PM. Similarly, FLSA Collective Plaintiffs and Class Members were given half-hour long meal breaks each work day.

25. During her employment by Defendant, Plaintiff was required by managerial employees to clock out at 11:30 PM each workday, and continue working off the clock until the end of each shift, pursuant to Defendant's instructions. Due to Defendant's policy of time

shaving, Plaintiff was required to work approximately 9.5 uncompensated hours each workweek. FLSA Collective Plaintiffs and Class members who worked at Starbucks retail coffee shops in New York City similarly suffered from Defendant's policy of time shaving, and were required to work uncompensated hours each workweek.

26. During Plaintiff's employment by Defendant, Defendant failed to pay Plaintiff proper overtime premium for all hours worked over forty (40), due to Defendant's policy of requiring off the clock work at the end of each shift. FLSA Collective Plaintiffs and Class members who worked at Starbucks retail coffee shops in New York City similarly suffered from Defendant's failure to pay overtime for all hours worked in excess of forty (40)

27. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members as required under the New York Labor Law. The wage statements provided to Plaintiff and Class members did not show that actual number of hours worked.

28. Defendant knowingly and willfully failed to provide proper wage and hour notice to Plaintiff and Class members at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

29. Based on the personal knowledge of Plaintiff, who worked at multiple Starbucks locations in New York City, and on Plaintiff's conversations with other employees of Defendant in New York City, the above described federal and state wage and hour policies were consistent among the Starbucks locations operated by Defendant in New York City.

30. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff realleges and reavers Paragraphs 1 through 30 of this class and collective action Complaint as if fully set forth herein.

32. At all relevant times, Defendant was and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, the Defendant had gross annual revenues in excess of $500,000.

35. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

36. At all relevant times, the Defendant had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendant's policy of time shaving.

37. Defendant failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

38. Defendant failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

39. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, and at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

41. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages due to time-shaving, plus an equal amount as liquidated damages.

44. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

45. Plaintiff realleges and reavers Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff and Class members were employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

47. Defendant willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

48. Defendant willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff wages in the lawful amount for hours worked due to time shaving.

49. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

50. Defendant knowingly and willfully failed to provide proper wage and hour notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

51. Due to the Defendant's New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendant unpaid overtime, unpaid wages due to time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law

b. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due to invalid tip credit under the FLSA and the New York Labor Law;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendant's policy of time shaving;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and wages pursuant to the New York Labor Law;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 15, 2017

          Respectfully submitted,

          LEE LITIGATION GROUP, PLLC
          C.K. Lee (CL 4086)
          Anne Seelig (AS 1976)
          30 East 39th Street, Second Floor
          New York, NY 10016
          Tel.: 212-465-1188
          Fax: 212-465-1181
          *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:   */s/ C.K. Lee*
       C.K. Lee, Esq. (CL 4086)