UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EBONY ARMSTEAD,

                Plaintiff,

     v.

STARBUCKS CORPORATION,

                Defendant.

Civ. Action No. 17-cv-01163-PKC

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS AND MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

AKIN GUMP STRAUSS HAUER & FELD LLP

Anastasia Kerdock
One Bryant Park
New York, NY 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
akerdock@akingump.com

Nathan J. Oleson
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: 202-887-4000
Facsimile: 202-887-4188

*Attorneys for Defendant Starbucks Corporation*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.      PRELIMINARY STATEMENT...........................................................................................1

II.     BACKGROUND .................................................................................................................2

        A.     Plaintiff's Application For Employment With Starbucks ......................................2

        B.     Plaintiff's Arbitration Agreement With Starbucks .................................................2

        C.     Plaintiff's Employment With Starbucks ................................................................4

III.    ARGUMENT.......................................................................................................................5

        A.     Plaintiff's Claims Must Be Compelled To Arbitration. ..........................................5

              1.     Plaintiff Agreed to Arbitrate.........................................................................6

              2.     Plaintiff's Claims Are Within the Scope of the Agreement. ........................8

              3.     Plaintiff's Claims Are Arbitrable. ................................................................9

        B.     Plaintiff's Claims Must Be Compelled To Arbitration On An Individual
              Basis........................................................................................................................9

IV.    CONCLUSION..................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arakawa v. Japan Network Grp.*,
  56 F. Supp. 2d 349 (S.D.N.Y. 1999)......................................................................................9

*Arrigo v. Blue Fish Commodities, Inc.*,
  704 F. Supp. 2d 299 (S.D.N.Y. 2010)..............................................................................7, 8, 9

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011)............................................................................................................5, 10

*Badinelli v. The Tuxedo Club*,
  183 F. Supp. 3d 450, 456 (S.D.N.Y. 2016)..........................................................................8

*Beletsis v. Credit Suisse First Bos. Corp.*,
  No. 01-CV-6266 (RCC), 2002 WL 2031610 (S.D.N.Y. Sep. 4, 2002) ...................................7

*Bynum v. Maplebear, Inc.*,
  160 F. Supp. 3d 527, 534 (E.D.N.Y. 2016) ...............................................................6, 7, 9

*David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*,
  923 F.2d 245 (2d Cir. 1991)..................................................................................................8

*Dean Witter Reynolds Inc. v. Byrd*,
  470 U.S. 213 (1985)...............................................................................................................1

*First Options of Chi., Inc. v. Kaplan*,
  514 U.S. 938 (1995)...............................................................................................................6

*Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*,
  815 F.2d 840 (2d Cir. 1987)..................................................................................................6

*Gold v. Deutsche Aktiengesellschaft*,
  365 F.3d 144 (2d Cir. 2004)..............................................................................................7, 8

*Green Tree Fin. Corp.–Ala. v. Randolph*,
  531 U.S. 79 (2000)................................................................................................................6

*Litvinov v. UnitedHealth Grp. Inc.*,
  No. 13-CV-8541 (KBF), 2014 WL 1054394 (S.D.N.Y. Mar. 11, 2014)................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)...................................................................................................................5

*Patterson v. Raymours Furniture Co.*,
    96 F. Supp. 3d 71, 76 (S.D.N.Y. 2015) .......................................................................... 7, 9, 10

*Rezaeian v. Starbucks Corp.*,
    No. 2:16-cv-04599-JAK-AS, Order on Defendant's Motion to Compel
    Arbitration, slip op. (C.D. Cal. Feb. 8, 2017) ........................................................................ 7

*Ross v. Am. Express Co.*,
    547 F.3d 137 (2d Cir. 2008) .................................................................................................. 5

*Shearson/Am. Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) ............................................................................................................... 9

*Sinnett v. Friendly Ice Cream Corp.*,
    319 F. Supp. 2d 439 (S.D.N.Y. 2004) ............................................................................... 6, 9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010) ........................................................................................................ 1, 10

*Sutherland v. Ernst & Young LLP*,
    726 F.3d 290 (2d Cir. 2013) .................................................................................... 1, 5, 9, 10

*Wells Fargo Advisors, LLC v. Tucker*,
    195 F. Supp. 3d 543, 545-47 (S.D.N.Y. 2016) ..................................................................... 8

**STATUTES**

Fair Labor Standards Act ............................................................................................... *passim*

Federal Arbitration Act, 9 U.S.C. §§ 1-16 ............................................................................ 1, 5, 9

New York Labor Law ..................................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................ 1

Fed. R. Civ. P. 23 ....................................................................................................................... 10

Defendant Starbucks Corporation ("Starbucks") moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and Rule 12(b)(1) of the Federal Rules of Civil Procedure, to compel arbitration of the claims of plaintiff Ebony Armstead, and to dismiss plaintiff's class and collective action claims.

## I.   PRELIMINARY STATEMENT

The FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).  Plaintiff's claims in this case are subject to such an agreement.  As part of the hiring process, plaintiff agreed to arbitrate any claims "brought under any statute, local ordinance, or common law relating to [her] employment." Plaintiffs' allegations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") are within the scope of her arbitration agreement and are the types of claims that courts have repeatedly held may be subject to mandatory arbitration.  Starbucks therefore requests that the Court compel arbitration of plaintiff's action in the parties' agreed-upon forum.

Starbucks also requests that the Court order that plaintiff's claims be "arbitrated only on an individual basis," as the plain language of her arbitration agreement provides.  The Second Circuit has held that an employer may require that an employee agree to arbitrate FLSA and NYLL claims individually.  *See Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 292 n.1 (2d Cir. 2013).  Indeed, a party may not be compelled to arbitrate claims as a class or collective action where, as here, the underlying agreement provides otherwise.  *See, e.g., Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010).  Plaintiff's claims accordingly must be compelled to arbitration on an individual basis only.

## II.       BACKGROUND

### A.       Plaintiff's Application For Employment With Starbucks

Plaintiff applied for a position as a barista with Starbucks in April 2015.  (*See* Declaration of Matthew Kennedy ("Kennedy Decl.") ¶ 6 (enclosed herewith))  Plaintiff completed her application through the company's Retail Hourly Hiring ("RHH") online application process.  (*Id.*)  At the beginning of this process, applicants are required to create a unique username and password known only to them.  (*Id.*)  Once an applicant has created an account, the applicant is able to access, review, and complete the various elements of the application process online.  (*Id.*)  Applicants agree during this process that they "consent to receive and respond to information in electronic form," including various "disclosures and consent forms which usually are provided in written form."  (*Id.* ¶ 7.)  One of the disclosures made to plaintiff prior to completing her application was that "[i]t is Starbucks policy that after October 1, 2014, all new hires shall be subject to an arbitration agreement as a condition of employment."  (*Id.*)

Plaintiff agreed to these procedures and completed her application for employment on April 13, 2015.  (*Id.* ¶¶ 6-9.)  She was interviewed by a Starbucks store manager on May 7, 2015.  (*Id.* ¶ 10.)  Following her interview, plaintiff was given an offer of employment contingent upon plaintiff's execution of an arbitration agreement, and certain other conditions.  (*Id.*)

### B.       Plaintiff's Arbitration Agreement With Starbucks

An individual who intends to accept an offer of employment from Starbucks must complete an "onboarding" process during which they review and sign required forms and receive other information about the company.  (*Id.*)  Plaintiff logged on to her RHH account to accept employment and complete the onboarding process on May 18, 2015.  (*Id.*)  After logging on, plaintiff again consented to "give consent to receive and respond to information in electronic

2

form." (*Id.*) She also agreed that her electronic signature on various documents and disclosures during the onboarding process would constitute her "'written' signature" and would be "electronically inscribed on the . . . document." (*Id.* ¶ 13.)

During the onboarding process, plaintiff was directed to a page with forms that required her signature. (*Id.* ¶ 14.) The page instructed plaintiff that:

> You must read each form before signing it. . . . Each form contains an attestation and/or declaration that you must make before signing the form. You sign each form by clicking the "Sign" link associated with that form.
>
> Throughout these webpages on electronic signature, you may click on view links that are underlined and an Adobe PDF file version of the document or form will open for your review. You may also print these documents.

(*Id.*)

One of these documents was an arbitration agreement. (*Id.*) Plaintiff could not electronically sign the arbitration agreement until she opened and viewed the agreement. (*Id.* ¶ 15.) The arbitration agreement provided that:

> Starbucks and I agree to use binding individual arbitration to resolve any "Covered Claims" that arise between me and Starbucks…. "Covered Claims" are those brought under any statute, local ordinance, or common law relating to my employment, including those concerning any element of compensation, harassment, discrimination, retaliation, recovery of bonus or relocation benefits, leaves of absence, accommodations, or termination of employment.
>
> **Except as provided herein, I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Starbucks and I waive the right to a trial before a judge or jury in federal or state court.** The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law.[1]

---

[1] Under the Arbitration Agreement, Armstead may bring a Covered Claim by paying a filing fee "equivalent to the current filing fee applicable in state court where [she] reside[s], up to a maximum of $225." (Arbitration Agreement at 2.) The arbitration is conducted pursuant to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") at a location in the state where Armstead worked. (*Id.*) All arbitrator and administrative fees are paid by Starbucks. (*Id.*) Each party may serve a limited number of interrogatories and document requests, and may conduct depositions, subject to the arbitrator's

3

(Kennedy Decl., Ex. G ("Arbitration Agreement") at 1.)  The Arbitration Agreement also provided that "Covered Claims will be arbitrated only on an individual basis," and that plaintiff would be "waiv[ing] the right to participate in or receive money or any other relief from any class, collective, consolidated, or representative proceeding."  (*Id.*)  Nor could the arbitrator "combine more than one individual's claim or claims into a single case, or arbitrate any form of a class, collective, consolidated, or representative proceeding."  (*Id.*)

The Arbitration Agreement reserved for the arbitrator the "exclusive authority to resolve any dispute regarding the formation, interpretation, applicability, enforceability, or implementation of this Agreement, including any claim that all or part of this Agreement is void or voidable."  (*Id.*)  However, any disputes regarding the "scope or validity" of the Arbitration Agreement's class action waiver must be "decided by a court of competent jurisdiction and not the Arbitrator."  (*Id.*)

Plaintiff reviewed the Arbitration Agreement and electronically signed it at 9:43 a.m. on May 18, 2015.  (Kennedy Decl. ¶ 17.)  At that time, a copy of the Arbitration Agreement was electronically mailed to the address provided by plaintiff during the application process.  (*Id.*)  Plaintiff also was directed to a "Printed Forms Acceptance" page where she was given the opportunity to print the Arbitration Agreement for her records.  (*Id.* ¶ 18.)

### C. Plaintiff's Employment With Starbucks

Plaintiff began working for Starbucks as a barista after the completion of her onboarding process in late May 2015.  (*Id.* ¶ 19.)  During her tenure as a barista, plaintiff worked at various stores in Manhattan.  (*Id.*)  As a Starbucks partner, plaintiff received a "Partner Guide" that

---

authority to allow additional discovery as needed.  (*Id.*)  Arbitral awards must be issued within 30 days following the conclusion of a hearing.  (*Id.*)

included the company's policy that plaintiff's employment was conditioned upon an agreement to arbitrate her claims. (*Id.*) The arbitration policy also was available to plaintiff on an internal human resources portal. (*Id.*)

Plaintiff was involuntarily terminated on March 17, 2016 after she accumulated seven disciplinary notices over a six-month period. (*Id.* ¶ 20.)

### III.     ARGUMENT

Plaintiff's claims are subject to a valid and binding arbitration agreement that requires her to arbitrate these claims on an individual basis only. Her FLSA and NYLL claims must be compelled to arbitration on these terms.

#### A.     Plaintiff's Claims Must Be Compelled To Arbitration.

The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The statute was enacted "'in response to judicial hostility to arbitration agreements,'" *Sutherland,* 726 F.3d at 295 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)), and "is an expression of a strong federal policy favoring arbitration as an alternative means of dispute resolution," *Ross v. Am. Express Co.*, 547 F.3d 137, 142 (2d Cir. 2008) (internal quotation marks and citation omitted). Consequently, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

When a party brings a motion to compel arbitration, the district court must determine: "(1) whether the parties agreed to arbitrate; (2) whether the asserted claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended such claims to be non-arbitrable; and (4) if only some of the claims are arbitrable,

whether to stay the balance of the proceedings pending arbitration." *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 443 (S.D.N.Y. 2004) (citation omitted).  The first three conditions are satisfied here, and, as to the third, binding Second Circuit precedent holds that there is "no contrary congressional command" precluding arbitration of plaintiff's federal FLSA claims.  Since all of plaintiff's claims are arbitrable, the final consideration is inapplicable, and plaintiff's claims must be compelled to arbitration in their entirety.

### 1. Plaintiff Agreed to Arbitrate.

Plaintiff indisputably has agreed to arbitrate her claims.  To determine whether an agreement to arbitrate exists, courts apply "ordinary state-law principles that govern the formation of contracts" to determine "whether the parties agreed to arbitrate a certain matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also, e.g., Bynum v. Maplebear, Inc.,* 160 F. Supp. 3d 527, 534 (E.D.N.Y. 2016) ("Whether a valid arbitration agreement exists is a question of state contract law.") (citation omitted).  Under these principles, "a party is bound by the provisions of a contract he signs, unless he can show special circumstances that would relieve him of such an obligation." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 845 (2d Cir. 1987).  The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (citations omitted).

Plaintiff cannot meet her burden here.  She was informed that her offer of employment with Starbucks was conditioned upon her signing the Arbitration Agreement.  (Kennedy Decl. ¶¶ 10-14, 19.)  She was given the opportunity to review the Arbitration Agreement before her employment commenced.  (*Id.* ¶¶ 10-17.)  Ultimately, she signed the Arbitration Agreement and began employment with Starbucks.  (*Id.* ¶¶ 16-19.)  These acts were sufficient to create a valid

and binding agreement to arbitrate under New York law. *See, e.g., Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 76 (S.D.N.Y. 2015) (valid agreement to arbitrate between employer and employee existed where employee signed acknowledgement of receiving company handbook with arbitration policy); *Litvinov v. UnitedHealth Grp. Inc.*, No. 13-CV-8541 (KBF), 2014 WL 1054394 at *3 (S.D.N.Y. Mar. 11, 2014) (valid agreement to arbitrate between employer and employee where employee "electronically acknowledged that she received and reviewed the Arbitration Policy"); *Arrigo v. Blue Fish Commodities, Inc.*, 704 F. Supp. 2d 299, 302 (S.D.N.Y. 2010) ("[Plaintiff] accepted his employment with the full knowledge of the arbitration provision, agreeing to its terms, in writing, at the outset of his employment. Accordingly, the Court finds that the parties agreed to arbitrate."); *Beletsis v. Credit Suisse First Bos. Corp.*, No. 01-CV-6266 (RCC), 2002 WL 2031610 at *3 (S.D.N.Y. Sep. 4, 2002) (valid agreement to arbitrate between employer and employee where employee "signed the Compliance Certification" that referred to the employer's arbitration program); *see also Bynum*, 160 F. Supp. 3d at 534-36 (valid agreement to arbitrate between principal and independent contractor where contractor electronically signed agreement).

Plaintiff cannot avoid this result by claiming that she did not read the agreement or did not understand it. A party "who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (internal quotation marks and citation omitted). Plaintiff "is therefore bound by its terms and conditions." *Patterson*, 96 F. Supp. 3d at 76; *see also Bynum,* 160 F. Supp. 3d at 536 (rejecting argument that arbitration agreement was between "plaintiff and a computer" and there may not therefore have been a meeting of the minds for purposes of contract formation under California law); *Rezaeian v. Starbucks Corp.,* No. 2:16-cv-04599-JAK-AS, Order on Defendant's

Motion to Compel Arbitration, slip op. at 5-7 (C.D. Cal. Feb. 8, 2017) (plaintiff's completion of hiring process through Starbucks RHH created valid agreement to arbitrate).  If plaintiff "did not understand the form or had questions about the arbitration clause or the rules . . . the burden was upon [her] to have [her] concerns addressed before signing."  *Gold*, 365 F.3d at 149.  Plaintiff signed the agreement after having the opportunity to review it, print it, and ask any questions she may have had about it.  In the "absence of fraud or other wrongful act on the part of [the other] contracting party," this was more than sufficient to create an agreement to arbitrate.  *Badinelli v. The Tuxedo Club*, 183 F. Supp. 3d 450, 456 (S.D.N.Y. 2016).  The first requirement to compel arbitration—that an agreement to arbitrate existed—thus is satisfied here.

## 2. **Plaintiff's Claims Are Within the Scope of the Agreement.**

Plaintiff's claims are included within those she agreed to arbitrate.  Courts must "construe arbitration clauses as broadly as possible."  *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 250 (2d Cir. 1991) (internal quotation marks and citation omitted).  Here, the agreement covers "*any* Covered Claims that arise between [plaintiff] and Starbucks." (Arbitration Agreement at 1 (emphasis supplied).)  "Covered Claims" include "those brought under *any* statute, local ordinance, or common law relating to my employment, including those concerning *any* element of compensation . . . ."  (*Id.* (emphasis supplied).)  An arbitration clause which by its terms covers "any" dispute between an employer and employee necessarily encompasses claims for unpaid wages under the FLSA and NYLL.  *See, e.g., Wells Fargo Advisors, LLC v. Tucker*, 195 F. Supp. 3d 543, 545-47 (S.D.N.Y. 2016) (FLSA and NYLL claims covered by agreement requiring arbitration of "any controversy or dispute . . . arising between you and Wells Fargo Advisors"); *Arrigo*, 704 F. Supp. 2d at 301-2 (FLSA and NYLL claims covered by agreement requiring arbitration of  "any other common law or equitable basis of

8

action pertaining to [the employee's] employment"); *cf. Arakawa v. Japan Network Grp.*, 56 F. Supp. 2d 349, 352 (S.D.N.Y. 1999) (finding arbitration clause covering "any and all disputes and claims which arise out of or relate to [plaintiff's] employment . . . or to the termination of [plaintiff's] employment with or without cause" should be "interpreted broadly to cover any disputes arising out of the employment relationship"). The claims alleged in plaintiff's complaint thus are within those she agreed to arbitrate.

### 3. Plaintiff's Claims Are Arbitrable.

The final consideration is whether Congress intended any of plaintiff's claims to be non-arbitrable. *Sinnett,* 319 F. Supp. 2d at 443.  Generally, "[t]he federal policy favoring arbitration extends to the enforcement of agreements to arbitrate claims founded on statutory rights." *Bynum,* 160 F. Supp. 3d at 535 (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).  However, the enforceability mandate of the FAA may be overridden by a contrary congressional command.  *Bynum,* 160 F. Supp. 3d at 535.

No contrary congressional command exists for FLSA claims.  Courts have repeatedly held that an employee may agree to arbitrate their FLSA claims.  *See, e.g., Sutherland*, 726 F. 3d at 294-95 (enforcing arbitration agreement as to FLSA and NYLL claims); *Patterson*, 96 F. Supp. 3d at 71 (same); *Bynum*, 160 F. Supp. 3d at 540 (same); *Arrigo*, 704 F. Supp. 2d at 302 ("Congress did not intend FLSA claims to be non-arbitrable.").  All of the conditions necessary to compel plaintiff's claims to arbitration accordingly have been met.[2]

### B. Plaintiff's Claims Must Be Compelled To Arbitration On An Individual Basis

Although plaintiff's claims clearly are arbitrable, the Court must separately determine whether plaintiff may pursue such claims in arbitration on a class or collective basis.  The

---

[2] Because all of plaintiff's claims are arbitrable, the court need not address the fourth consideration as to whether non-arbitrable claims should be stayed pending arbitration.

9

arbitration agreement provides that "Covered Claims will be arbitrated only on an individual basis," and that plaintiff "waive[s] the right to participate in or receive money or any other relief from any class, collective, consolidated, or representative proceeding." (Arbitration Agreement at 1.) It also prohibits the arbitrator from "combin[ing] more than one individual's claim or claims into a single case, or arbitrat[ing] any form of a class, collective, consolidated, or representative proceeding." (*Id.*) Whether this waiver is enforceable must be "decided by a court of competent jurisdiction and not the Arbitrator." (*Id.*)

There can be no dispute that the class action waiver in plaintiff's Arbitration Agreement is enforceable. The Second Circuit has held that "Supreme Court precedents inexorably lead to the conclusion that the waiver of collective action claims is permissible in the FLSA context." *Sutherland,* 726 F.3d at 297. Nothing in the FLSA constitutes a "contrary congressional command" that prevents employees from waiving their right to proceed with their claim individually in arbitration. *Id.* Nor is it improper for plaintiff to waive her right to bring an NYLL class action under Rule 23. *See id.*; *see also, e.g., Concepcion,* 563 U.S. at 349-51 (party may waive right to bring class action in arbitration); *Patterson,* 96 F. Supp. 3d at 78-9 (upholding class waiver for FLSA and NYLL claims). To the contrary, it would be improper for an arbitrator to allow class arbitration where the parties have not agreed to permit it. *Stolt-Nielsen*, 559 U.S. at 684 (arbitrator may not permit class arbitration in absence of agreement of parties to permit class arbitration process). Plaintiff's class and collective action claims accordingly must be dismissed, and her claims compelled to arbitration on an individual basis.

## IV. CONCLUSION

Plaintiff's claims may not be pursued in this Court. They must instead be pursued in arbitration on an individual basis. Starbucks accordingly requests that the Court (1) compel

10

plaintiff's claims to arbitration, and (2) dismiss plaintiff's class and collective action claims and order that her claims may not be pursued on a class or collective basis in arbitration.

Dated: June 23, 2017

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Nathan J. Oleson*
       Nathan J. Oleson

Attorneys for Defendant Starbucks Corporation.