UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBONY ARMSTEAD,<br><br>         Plaintiff,<br><br>   v.<br><br>STARBUCKS CORPORATION,<br><br>         Defendant. | Civ. Action No. 17-cv-01163-PKC |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS AND MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

AKIN GUMP STRAUSS HAUER & FELD LLP

Anastasia M. Kerdock
One Bryant Park
New York, NY 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
akerdock@akingump.com


Nathan J. Oleson
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: 202-887-4000
Facsimile: 202-887-4188
noleson@akingump.com

*Attorneys for Defendant Starbucks Corporation*

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT..................................................................................................................1

    A. Plaintiff Agreed to Arbitrate Her Claims ............................................................1

        1. Plaintiff Knew Arbitration Was Mandatory Before She Applied.................2

        2. Starbucks Did Not Fraudulently Obtain Plaintiff's Signature .....................2

        3. Plaintiff Assented to Arbitration By Continuing Her Employment .............5

    B. The Arbitration Agreement is Enforceable ..........................................................6

        1. The Arbitrator Should Decide Unconscionability........................................6

        2. The Arbitration Agreement is Not Procedurally Unconscionable ...............7

        3. The Arbitration Agreement is Not Substantively Unconscionable ..............7

            a. The Arbitration Agreement Does Not Impede Federal Agencies or Statutes..........................................................................8

            b. There is Nothing Prejudicial About Importing Rule 68 Into Arbitration................................................................................9

            c. The Arbitration Agreement Does Not Unfairly Restrict Discovery .......................................................................................9

III. CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anwar v. Stephens*,
   No. 15 Civ. 4493 (JS), 2017 WL 455416 (E.D.N.Y. Feb. 2, 2017) .........................................9

*Barreto v. JEC II, LLC*,
   No. 16 Civ. 9729 (KBF), 2017 WL 3172827 (S.D.N.Y. July 25, 2017) ..................................8

*Berkson v. Gogo LLC*,
   97 F. Supp. 3d 359 (E.D.N.Y. 2015) ......................................................................................4

*Bricklayers & Allied Craftworkers Local 2 v. C.G. Yantch, Inc.*,
   316 F. Supp. 2d 130 (N.D.N.Y. 2003) ....................................................................................3

*Chanchani v. Salomon/Smith Barney, Inc.*,
   No. 99 Civ. 9219 RCC, 2001 WL 204214 (S.D.N.Y. Mar. 1, 2001) ......................................6

*Clinton v. Oppenheimer & Co.*,
   824 F. Supp. 2d 476 (S.D.N.Y. 2011)................................................................................8, 10

*Delgado v. Ocwen Loan Servicing, LLC*,
   No. 13-cv-4427, 2016 WL 4617159 (E.D.N.Y. Sept. 2, 2016) ............................................4, 6

*Fteja v. Facebook, Inc.*,
   841 F. Supp. 2d 829 (S.D.N.Y. 2012)......................................................................................4

*Genesco, Inc. v. T. Kakiuchi & Co.*,
   815 F.2d 840 (2d Cir. 1987).....................................................................................................5

*Gerena v. Neurological Surgery, P.C.*,
   No. 15 Civ. 4634 (JMA)(GRB), 2016 WL 3647782 (E.D.N.Y. June 9, 2016) ........................6

*Hetchkop v. Woodlawn at Grassmere, Inc.*,
   116 F.3d 28 (2d Cir. 1997).......................................................................................................3

*Horne v. Starbucks Corp.*,
   No. 16 Civ. 02727, 2017 WL 2813170 (E.D. Cal. June 29, 2017)....................................8, 10

*Isaacs v. OCE Bus. Servs., Inc.*,
   968 F. Supp. 2d 564 (S.D.N.Y. 2013)...........................................................................5, 7, 8

*Johnson v. Nextel Commc'ns, Inc.*,
   660 F.3d 131 (2d Cir. 2011).....................................................................................................4

*Lee v. Pac. Bullion (N.Y.) Inc.*,
   788 F. Supp. 155 (E.D.N.Y. 1992) ...............................................................................4, 6

*Meyer v. Kalanick*,
   200 F. Supp. 3d 408 (*also reported as* 199 F. Supp. 3d 752) (S.D.N.Y. 2016) ........................2

*Meyer v. Uber Techs., Inc.*,
   Nos. 16 Civ. 2750, 16 Civ. 2752; --- F.3d ---, 2017 WL 3526682
   (2d Cir. Aug. 17, 2017) ..................................................................................................2, 4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) .............................................................................................................9

*Moise v. Family Dollar Stores of New York, Inc.*,
   No. 16 Civ. 6314 (RA), 2017 WL 2378193 (S.D.N.Y. June 1, 2017) ......................................7

*Padró v. Citibank, N.A.*,
   No. 14-CV-2986 (NGG)(LB), 2015 WL 1802132 (E.D.N.Y. Apr. 20, 2015) ........................5

*Paez v. Whaleneck Enters.*,
   No. 16 Civ. 2673 (ADS) (ARL), 2017 WL 2579038 (E.D.N.Y. June 14, 2017) .....................9

*Patterson v. Raymours Furniture Co.*,
   96 F. Supp. 3d 71, 76 (S.D.N.Y. 2015) ..................................................................................5

*Qui v. Jia Xing 39th St Inc.*,
   No. 16 Civ. 7760 (VEC), 2017 WL 2189647 (S.D.N.Y. May 16, 2017) ................................5

*Rent-A-Center, West, Inc. v. Jackson*,
   561 U.S. 63 (2010) ................................................................................................................6

*Rezaeian v. Starbucks Corp.*,
   No. 2:16-cv-04599-JAK-AS, Order on Defendant's Motion to Compel
   Arbitration (C.D. Cal. Feb. 8, 2017) ...............................................................................8, 10

*S & G Flooring, Inc. v. N.Y. City Dist. Council of Carpenters Pension Fund*,
   No. 09 Civ. 2836(NRB), 2009 WL 4931045 (S.D.N.Y. Dec. 21, 2009) ................................4

*Stern v. eSpeed, Inc.*,
   No. 06 Civ. 958 (PKC), 2006 WL 2741635 (S.D.N.Y. Sept. 22, 2006) .................................7

*Thomas v. Pub. Storage, Inc.*,
   957 F. Supp. 2d 496 (S.D.N.Y. 2013) ...................................................................................5

*Victorio v. Sammy's Fishbox Realty Co.*,
   No. 14 Civ. 8678(CM), 2015 WL 2152703 (S.D.N.Y. May 6, 2015) ....................................3

*Washington v. William Morris Endeavor Ent'mt, LLC*,
     No. 10 Civ. 9647 (PKC)(JCF), 2011 WL 3251504 (S.D.N.Y. July 20, 2011) ...................... 6, 7

*WeWork Companies, Inc. v. Zoumer*,
     No. 16 Civ. 457(PKC), 2016 WL 1337280 (S.D.N.Y. April 5, 2016) ...................................... 7

**I.     INTRODUCTION**

On May 18, 2015, plaintiff Ebony Armstead entered into a binding Arbitration Agreement with Starbucks. In her opposition to defendant's motion to compel arbitration, she does not deny that she electronically signed the Arbitration Agreement. Instead, she asks this Court (1) to find that she is not bound by the Arbitration Agreement, and, if she is bound by it, (2) to invalidate the Arbitration Agreement as unconscionable. Plaintiff's requests are meritless.

**II.    ARGUMENT**

    **A.     Plaintiff Agreed to Arbitrate Her Claims**

Starbucks has shown, and plaintiff does not dispute, that the Arbitration Agreement was disclosed to her at numerous times, and in numerous ways. Before she applied, she visited a stand-alone webpage which informed her that arbitration would be a mandatory term of employment. (Def.'s Mem. at 2; Kennedy Decl. ¶¶ 7-8.) When she was hired, she separately opened and viewed the Arbitration Agreement before electronically signing it. (Def.'s Mem. at 2-4; Kennedy Decl. ¶¶ 14-16.) After she signed the Arbitration Agreement, she received a copy of it via email. (Def.'s Mem. at 4; Kennedy Decl. ¶ 17.) Once she began working, she received a copy of the Partner Guide, which again made clear that her employment was conditioned upon an agreement to arbitrate her claims. (Def.'s Mem. at 4-5; Kennedy Decl. ¶ 19.) And throughout her employment, she had access to the Arbitration Agreement via an internal portal. (*Id.*)

Although plaintiff does not dispute that each of these notices was made available to her, she now claims that she never "agreed to arbitrate" and was never informed "about any arbitration agreement." (Pl.'s Aff. ¶ 4.) She makes two arguments in support of her contention that a contract was never formed. First, she claims she did not see the arbitration disclosure during the application process. Second, she argues that Starbucks engaged in "fraud" by failing to fully disclose what she was signing. Both arguments fail.

1

### 1. Plaintiff Knew Arbitration Was Mandatory Before She Applied

Plaintiff tries to discount the arbitration notice in Starbucks' online application by arguing that the notice is "hidden" because a user has to "scroll the in-page box down to reveal" it. (Pl.'s Opp'n at 2-9, 15.) The application plaintiff attaches to her affidavit is *not* the same as the application she submitted when applying to Starbucks. Unlike the current application, the application plaintiff actually completed did not require any scroll down to view the notice of mandatory arbitration. (*Compare* Ex. B to Kennedy Decl., *with* Ex. C to Pl.'s Aff.) Plaintiff's argument that the current arbitration disclosure is hidden by the need to scroll down is therefore irrelevant to her claim.[1] Plaintiff's argument also is legally unsupported. In challenging the arbitration disclosure, plaintiff relies primarily on *Meyer v. Kalanick,* but this decision was vacated by the Second Circuit earlier this month. *Meyer v. Kalanick*, 200 F. Supp. 3d 408 (*also reported as* 199 F. Supp. 3d 752) (S.D.N.Y. 2016), *vacated sub nom. Meyer v. Uber Techs., Inc.*, Nos. 16 Civ. 2750, 16 Civ. 2752; --- F.3d ---, 2017 WL 3526682 (2d Cir. Aug. 17, 2017) (finding hyperlink to terms of service constituted reasonably conspicuous notice of the arbitration terms).

### 2. Starbucks Did Not Fraudulently Obtain Plaintiff's Signature

Even if Plaintiff was not aware of Starbucks' arbitration requirement when *applying*, she indisputably electronically signed the Arbitration Agreement during the onboarding process. (*See* Kennedy Decl. ¶¶ 14-16.) Her attempt to negate her signature by arguing it was fraudulently obtained is frivolous.

Fraud in the factum, or fraud in the execution, "occurs where there is a 'misrepresentation as to the character or essential terms of a proposed contract' *and* a party signs without knowing

---

[1] After plaintiff was hired, Starbucks began using a different human resources system for its onboarding process. Although the content of the disclosures made to applicants regarding arbitration remains the same, the new system utilizes a scroll-down screen to disclose this information while the prior system did not. Although the record evidence already establishes the system as it existed at the time plaintiff was hired, *see* Kennedy Decl. ¶¶ 7-8, Starbucks is prepared to provide supplemental evidence to confirm the subsequent change if necessary.

or having a 'reasonable opportunity to know of its character or essential terms.'" *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 31 (2d Cir. 1997) (quoting Restatement (Second) of Contracts § 163 comment a (1981)) (emphasis added).  To prove fraud in the factum, a plaintiff must show "excusable ignorance" of the contents of the contract, such as "when one party secretly substitutes one type of document for another, after the other party has already read the document but prior to his signing it."  *Victorio v. Sammy's Fishbox Realty Co.*, No. 14 Civ. 8678(CM), 2015 WL 2152703, at *14 (S.D.N.Y. May 6, 2015).  *See also Hetchkop*, 116 F.3d at 34; *Bricklayers & Allied Craftworkers Local 2 v. C.G. Yantch, Inc.*, 316 F. Supp. 2d 130, 147 (N.D.N.Y. 2003).  Here, plaintiff tries to justify not reading the Arbitration Agreement by claiming that the written and verbal instructions she received suggested she was only verifying the accuracy of information already submitted.  (*See* Pl.'s Opp'n at 10-11.)  Plaintiff's allegations, even if true, do not establish "excusable ignorance."

In *Victorio v. Sammy's Fishbox Realty Co.*, the plaintiffs, like Ms. Armstead, claimed to have no recollection of signing an arbitration agreement, and argued that their employer fraudulently obtained their signatures by failing to disclose the nature of the agreement.  2015 WL 2152703, at *14-16 (arbitration agreement was contained in an employee handbook that plaintiffs were allegedly told "was part of the employment application" or constituted "work papers").  The court found plaintiffs' allegations insufficient to excuse their failure to read the document.  *Id.* at *14.  ("'If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him.'") (citation omitted).  Similarly here, plaintiff's allegations, even if they were true, do not excuse her failure to read the Arbitration Agreement as a matter of law.  *See Bricklayers*, 316 F. Supp. 2d at 147 (finding fraud in the execution defense unavailable

3

where signatory did not read the document, and was not prevented from doing so, despite allegation that union misrepresented the scope of the agreement); *S & G Flooring, Inc. v. N.Y. City Dist. Council of Carpenters Pension Fund*, No. 09 Civ. 2836(NRB), 2009 WL 4931045, at *7 (S.D.N.Y. Dec. 21, 2009) (finding failure to adequately plead fraud in the execution where there was no allegation that signatory "reviewed one contract and unknowingly signed another" and signatory "acknowledge[d] that it never reviewed the agreement before signing.").[2]

The fact that plaintiff signed the Arbitration Agreement electronically does not change the outcome. "Courts routinely uphold clickwrap agreements," like the Arbitration Agreement, "for the principal reason that the user has affirmatively assented to the terms of agreement . . . ." *Uber Techs.*, 2017 WL 3526682, at *5; *see also, e.g., Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 837 (S.D.N.Y. 2012) (collecting cases); *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 386 (E.D.N.Y. 2015) (website designed "so that the user must scroll through the 'terms of use' and click 'accept'" is a "good practice" for ensuring the user reviews the terms). Before she could sign the Arbitration Agreement, plaintiff first had to affirmatively open and view the document, which was explicitly titled "Arbitration Agreement" in bold font. (*See* Ex. F. to Kennedy Decl.) Even if the Court accepts plaintiff's contention that she did not read the Arbitration Agreement, the requirement that she open and view the document before signing it provided adequate inquiry notice that she should have. *Uber Techs.,* 2017 WL 3526682, at *8 (finding plaintiff on adequate notice of arbitration terms even though he was *not* required to view or sign terms of service).[3]

---

[2] The cases plaintiff cites in which an allegation of fraud was permitted to proceed involved obviously distinguishable facts. *Cf. Delgado v. Ocwen Loan Servicing, LLC*, No. 13-cv-4427, 2016 WL 4617159, at *2-9 (E.D.N.Y. Sept. 2, 2016) (consumers allegedly received unsolicited checks in the mail that purported to bind them to an arbitration provision they only received after cashing the checks); *Lee v. Pac. Bullion (N.Y.) Inc.,* 788 F. Supp. 155, 155-56 (E.D.N.Y. 1992) (investor who spoke no English allegedly signed agreement written in English containing arbitration provision without having it translated).

[3] Plaintiff's cursory alternative argument of "fraud in the inducement" is likewise meritless. *See Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011) (fraud in the inducement requires, *inter alia*, a material misrepresentation of a presently existing or past fact and reasonable reliance on the misrepresentation). Plaintiff

### 3.     Plaintiff Assented to Arbitration By Continuing Her Employment

Even if plaintiff were correct that no enforceable contract was formed when she went through the application and onboarding process, she still would be bound by the terms of the Arbitration Agreement.  Under the FAA, an arbitration agreement must be in "writing," but it need not be a "signed" writing.  *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987).  In New York, "continued employment… is sufficient to manifest assent to arbitration…." *Thomas v. Pub. Storage, Inc.*, 957 F. Supp. 2d 496, 499 n.2 (S.D.N.Y. 2013) (citations omitted).

Plaintiff indisputably was put on notice of the terms of the Arbitration Agreement at least *twice* more after she signed it—first when she was emailed a copy of the Arbitration Agreement itself, and again when she received a copy of the Partner Guide (which stated that plaintiff's employment was conditioned upon an agreement to arbitrate her claims).  (Def.'s Mem. at 4-5; Kennedy Decl. ¶¶ 17, 19.)  By continuing her employment thereafter, plaintiff manifested her assent to the Arbitration Agreement.  *See, e.g., Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 76 (S.D.N.Y. 2015) ("By continuing to work after receiving notice of the [Employment Arbitration Program], Plaintiff agreed to the terms of the arbitration program."), *aff'd as amended*, 659 F. App'x 40 (2d Cir. 2016), *petition for cert. filed*, (U.S. Sept. 22, 2016) (No. 160388); *Padró v. Citibank, N.A.*, No. 14-CV-2986 (NGG)(LB), 2015 WL 1802132, at *5 (E.D.N.Y. Apr. 20, 2015) (plaintiff manifested assent by continuing to work after receiving notice of arbitration policy); *Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 571 (S.D.N.Y. 2013) (plaintiff bound by arbitration policy in employee handbook because "he continued to work after

---

does not allege that Starbucks made a "material misrepresentation," or any representation, about the contents of, the Arbitration Agreement.  (*See* Pl. Aff. at ¶¶ 4, 7, 12-15.)  Instead, she argues that Starbucks failed to draw adequate attention to it by suggesting that she was verifying information.  Even if this allegation could be considered a "material misrepresentation," plaintiff's reliance on it would not have been reasonable for the same reasons her failure to read the Arbitration Agreement was not "excusable ignorance."  *See, e.g., Qui v. Jia Xing 39th St Inc.,* No. 16 Civ. 7760 (VEC), 2017 WL 2189647, at *2-3 (S.D.N.Y. May 16, 2017) (signature on agreement containing arbitration provision was not fraudulently induced by employer's alleged representation that the agreement concerned "meal credit" because "Plaintiff failed to undertake further inquiry into the document he signed….").

5

receiving notice of the modifications"); *Chanchani v. Salomon/Smith Barney, Inc.*, No. 99 Civ. 9219 RCC, 2001 WL 204214, at *3 (S.D.N.Y. Mar. 1, 2001).[4]

### B.     The Arbitration Agreement is Enforceable

Plaintiff also challenges the Arbitration Agreement as unconscionable. This issue, however, is not for the Court to decide. And even if it were, plaintiff's arguments would fail.

#### 1.     The Arbitrator Should Decide Unconscionability

Absent a contractual provision to the contrary, "gateway" issues such as unconscionability are typically decided by the court. *See Washington v. William Morris Endeavor Ent'mt, LLC*, No. 10 Civ. 9647 (PKC)(JCF), 2011 WL 3251504, at *4 (S.D.N.Y. July 20, 2011). However, parties may delegate gateway issues to the arbitrator if such language is "*clear and unmistakable*." *Id.* at *5; *see also See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010); *Gerena v. Neurological Surgery, P.C.*, No. 15 Civ. 4634 (JMA)(GRB), 2016 WL 3647782, at *3 (E.D.N.Y. June 9, 2016). Here, the Arbitration Agreement vests the arbitrator with "exclusive authority" to decide any disputes regarding the "formation, interpretation, applicability, enforceability, or implementation" of the Arbitration Agreement, including whether "all or part" of it "is void or voidable." ("Delegation Clause") (*See* Arbitration Agreement at 1.) Such language "clearly and unmistakably" delegates gateway issues to the arbitrator. *Washington*, 2011 WL 3251504, at *6 (analyzing similar language).

Because the Delegation Clause is severable from the remainder of the Arbitration Agreement, absent any challenge to the Delegation Clause itself, a court must treat it as valid "leaving any challenge to the validity of the Agreement as a whole to the arbitrator." *See Rent-A-*

---

[4] To the extent the Court finds there is any issue of fact as to whether plaintiff assented to the Arbitration Agreement, it must conduct a trial solely on that issue. *See Delgado* 2016 WL 4617159, at *12; *see also Lee*, 788 F. Supp. at 158 ("Because Lee has raised a *bona fide* claim of fraud in the factum, this court must hold a trial, pursuant to 9 U.S.C. § 4, to resolve the dispute over the validity of the arbitration agreement.").

*Center,* 561 U.S. at 70-72.  Since no such challenge is made here, the Court must compel arbitration on the issue of unconscionability.  *See Moise v. Family Dollar Stores of New York, Inc.*, No. 16 Civ. 6314 (RA), 2017 WL 2378193, at *4-5 (S.D.N.Y. June 1, 2017) (finding that because plaintiff "did not direct his unconscionability claim to the delegation provision specifically… the Court must enforce the delegation provision and refer the question of unconscionability to the arbitrator.").

### 2. The Arbitration Agreement is Not Procedurally Unconscionable

Even if the Court were to decide plaintiff's unconscionability arguments (and it should not), they would fail.

Plaintiff argues that the Arbitration Agreement is procedurally unconscionable because she "was forced to click-sign it as a condition of employment," and because she "was told that she wasn't click-signing a contract."  (*See* Pl.'s Opp'n at 19.)  As set forth in Section II.A.2, *supra*, plaintiff's signature was not fraudulently obtained.  Further, "it is well accepted under New York law that it is not unconscionable to be bound by an arbitration agreement in the course of securing employment."  *Isaacs*, 968 F. Supp. 2d at 570.  Inequality in bargaining power also does not render an arbitration agreement procedurally unconscionable, nor does the fact that an arbitration agreement is presented on a "take it or leave it" basis.  *See WeWork Companies, Inc. v. Zoumer*, No. 16 Civ. 457(PKC), 2016 WL 1337280, at * 5 (S.D.N.Y. April 5, 2016); *Isaacs*, 968 F. Supp. 2d at 570; *Washington*, 2011 WL 3251504, at * 7; *Stern v. eSpeed, Inc.*, No. 06 Civ. 958 (PKC), 2006 WL 2741635, at *3 (S.D.N.Y. Sept. 22, 2006).

### 3. The Arbitration Agreement is Not Substantively Unconscionable

Even if the Court were to find the Arbitration Agreement procedurally unconscionable, it still would be valid because it is not substantively unconscionable.  *See, e.g., Washington,* 2011 WL 3251504, at *7 (a contract must be "both procedurally and substantively unconscionable" to

7

be invalid); *Barreto v. JEC II, LLC*, No. 16 Civ. 9729 (KBF), 2017 WL 3172827, at *4-5 (S.D.N.Y. July 25, 2017) (finding arbitration agreement enforceable even if procedurally unconscionable). A contract is substantively unconscionable only when the "contract terms are unreasonably favorable to the party seeking to enforce the contract." *Isaacs*, 968 F. Supp. 2d at 569 (S.D.N.Y. 2013). Plaintiff argues that the Arbitration Agreement is substantively unconscionable primarily because (1) it restricts agency authority to address labor violations, (2) it imports Federal Rule of Civil Procedure 68 ("Rule 68") into arbitration, and (3) it provides for less discovery than federal litigation. None of plaintiff's arguments have any merit, and none of them demonstrate that the Arbitration Agreement unreasonably favors Starbucks. Indeed, at least two other courts have found the same Arbitration Agreement is *not* substantively unconscionable. *See Rezaeian v. Starbucks Corp.*, No. 2:16-cv-04599-JAK-AS, Order on Defendant's Motion to Compel Arbitration, slip op., at 8 (C.D. Cal. Feb. 8, 2017) (ECF No. 21); *Horne v. Starbucks Corp.*, No. 16 Civ. 02727, 2017 WL 2813170, at *3 (E.D. Cal. June 29, 2017).

      a.    <u>The Arbitration Agreement Does Not Impede Federal Agencies or Statutes</u>

Plaintiff's assertion that the Arbitration Agreement "impedes the operation of Federal statutes" is incorrect. (Pl.'s Opp'n at 20.) The Arbitration Agreement has no effect on an employee's ability to file a charge with a federal agency or the agency's ability to investigate such a charge; it only requires that the employee pursue any monetary amounts in arbitration. (Arbitration Agreement at 1.) It is well established that use of the arbitral forum to vindicate statutory rights does not impede the protection afforded by those statutes. *See, e.g., Clinton v. Oppenheimer & Co.*, 824 F. Supp. 2d 476, 484 (S.D.N.Y. 2011) ("'[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by statute; it only submits

8

to their resolution in an arbitral, rather than a judicial, forum.'") (citation omitted).[5] Thus, there is nothing improper or one sided about requiring arbitration for monetary recovery. Further, plaintiff's argument is purely theoretical. She has not alleged that Starbucks has used the Arbitration Agreement to prevent her from filing any such charges, nor could she.

        b.      <u>There is Nothing Prejudicial About Importing Rule 68 Into Arbitration</u>

Plaintiff argues that importing Rule 68 into arbitration would be "grossly unjust… because the arbitrator's award does not have the rigor or predictability of a court-ordered judgment," and could subject employees to paying costs "on the basis of no more than an arbitrator's whim." (Pl.'s Opp'n at 21-22.) These arguments are premised solely on plaintiff's own hostility to arbitration, and do not demonstrate that the Arbitration Agreement unreasonably favors Starbucks. "[W]e are well past the time when judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals inhibited the development of arbitration as an alternative means of dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-627 (1985). Further, the application of Rule 68 to FLSA and NYLL claims, like plaintiff's, is allowed. *See Paez v. Whaleneck Enters.*, No. 16 Civ. 2673 (ADS) (ARL), 2017 WL 2579038, at *1-2 (E.D.N.Y. June 14, 2017) (entering judgment in favor of plaintiffs following accepted Rule 68 offer on overtime claims under the FLSA and NYLL).[6]

        c.      <u>The Arbitration Agreement Does Not Unfairly Restrict Discovery</u>

It is well established that "the lack of a discovery… does not render an agreement to

---

[5] The Securities and Exchange Commission ("SEC") orders on which plaintiff relies are inapposite in addition to being irrelevant to her wage claims (*see* Exs. 2 and 3 to Pl.'s Opp'n). In those orders, the SEC took issue with severance agreements that waived departing employees' rights to receive whistleblower awards. The Arbitration Agreement does not waive any rights to monetary recovery; it simply provides an alternate forum for that recovery.

[6] Contrary to plaintiff's assertions, many district courts in the Second Circuit have held that settlement of FLSA claims in the context of an accepted Rule 68 offer do <u>not</u> require judicial approval. *See Anwar v. Stephens*, No. 15 Civ. 4493 (JS)(GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017) ("The majority of district courts in this Circuit have held that judicial approval is not required for Rule 68 offers of judgment.") (collecting cases).

arbitrate unconscionable." *See Clinton*, 824 F. Supp. 2d 476 at 485. Plaintiff objects to any limitation on discovery, arguing that "[d]iscovery as prescribed in the Federal Rules is the *minimum* required for Plaintiff to assert her claims." (Pl.'s Opp'n at 23 (emphasis added).) Requiring that discovery in arbitration equal discovery in federal litigation would effectively render all arbitration agreements unenforceable, "a result that 'would plainly be contrary to New York law….'" *Clinton*, 824 F. Supp. 2d 476 at 485. The Arbitration Agreement allows each party the same number of interrogatories, document requests, and depositions, and grants the arbitrator authority to order additional discovery upon a showing of substantial need by either party. (Arbitration Agreement at 2.) These provisions do not unreasonably favor Starbucks, and they are not unconscionable. *See Rezaeian*, slip op., at 8 (finding the Arbitration Agreement's discovery provisions are not unconscionable); *Horne*, 2017 WL 2813170, at *2-4 (same).[7]

### III.   CONCLUSION

In light of the foregoing, Starbucks respectfully requests that the Court (1) compel plaintiff's claims to arbitration, and (2) dismiss plaintiff's class and collective action claims and order that her claims may not be pursued on a class or collective basis.

Dated:  August 25, 2017

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Anastasia M. Kerdock*
    Anastasia M. Kerdock

*Attorneys for Defendant Starbucks Corporation*

---

[7] The Arbitration Agreement also is not ambiguous as to whether disputes are directed to a court or an arbitrator. Plaintiff's attempts to import ambiguity into a cross reference to Rule 68 and a waiver of the right to a jury trial belie common sense, and they have no bearing on whether the terms of the Arbitration Agreement unreasonably favor Starbucks. Further, plaintiff has presented no rational argument as to why any unconscionable provisions of the Arbitration Agreement could not be severed. She attacks only a handful of specific provisions, the severance of any one of which would have no effect on the remainder of the Arbitration Agreement.